### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABDEL FATTAH,** | : | **No. 3:03cv1314** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOHN KILLEEN, CLIFFORD PELTER,** | : | |
| **PAUL ALLEN, DAVID STOCKHOLM,** | : | |
| **DERRICK ZIMMERMAN, MICHAEL** | : | |
| **SCOTT, CHARLES CRAIG, JESSE** | : | |
| **WITTEL, WILLIAM TORRES, ROBERT** | : | |
| **KOLVA, DAVID CROZIER, RICHARD** | : | |
| **MALONE, NATHAN GOSS, ROBERT** | : | |
| **SANTANGELO, JOSEPH KEEFER,** | : | |
| **MICHAEL CLARK, RANDY** | : | |
| **MCCAUSLIN, JEFFREY ALBA,** | : | |
| **EDWARD SMITH, ALLEN WEBB, TODD** | : | |
| **MYERS, MICHAEL HARMON, PAUL** | : | |
| **LEGGORE, BERNARD BAKER, ROBERT** | : | |
| **RESSLER, LIEUTENANT LADY, and** | : | |
| **BLAINE STEIGERWALT,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the Court for disposition is the defendants' joint motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b). This matter has been fully briefed and argued, and is ripe for disposition. For the following reasons, we will grant the motion to dismiss.

**I.      Background**

Plaintiff Abdel Fattah ("Fattah') is a prisoner in the State Correctional Institute at Camp Hill, Pennsylvania ("SCI-Camp Hill"). The defendants are all officers or employees of SCI-Camp Hill. Fattah instituted the present action on August 6, 2003. On September 29, 2003, he

filed an amended complaint.  In his amended complaint, he alleges that the defendants violated

his constitutional rights by subjecting him to cruel and unusual punishment by assaulting him,

force feeding him, and providing him inadequate medical care.

### A.        Procedural Background

This case is presently in discovery.  On December 13, 2004, the defendants filed a

motion for leave to depose Fattah.  Fattah opposed this motion, arguing that the deposition

would not benefit him, the defendants, or the Court, and he felt that his medical condition

would prevent him from attending a deposition.  On February 4, 2005, we granted the motion

for leave to depose.  In a letter to the Court dated February 17, 2005, Fattah acknowledged that

we granted the motion to depose.  (Doc. 166).  On March 7, 2005, Defendants provided Fattah

with notice by first class mail that they would take his deposition on March 23, 2005 at SCI-

Camp Hill.  (Doc. 167).  On March 23, 2005, Fattah refused to leave his cell or answer

deposition questions.  Thus, Defendants filed a motion to compel pursuant to Federal Rule of

Civil Procedure 37.  We granted this motion on March 24, 2005, and ordered Fattah to submit

to a deposition and cooperate in good faith.  On March 29, 2005, we issued an order requiring

that Fattah submit to a deposition and warning that failure to do so would result in sanctions,

including dismissal of his case.

On March 30, 2005, Fattah again refused to leave his cell or submit to a deposition.

Defendants' attorney read the March 29, 2005 Order to Fattah, but he continued to refuse.  On

April 5, 2005, Defendants filed the instant motion to dismiss pursuant to Rule 37(d) for

discovery abuses.

B.       **Factual Findings**

On August 19, 2005, we held a hearing to address the motion to dismiss and Fattah's

arguments in opposition.  Based on this hearing,[1] we make the following findings of fact.

On March 7, 2005, Defendants mailed a notice of deposition to Fattah in his prison cell.

(Doc. 167, Notice of Dep.).   Prison policy dictates that when a prisoner gives a clear physical

response that he does not want his mail, prison officials do not permit the mail to accumulate

in front of his cell and is instead place it in his property box.  (Tr. 76).  At the time the notice

was mailed, Fattah was not responding to the mail delivery.  (Tr. 96).   Thus, consistent with the

prison policy,  the correctional officers placed his mail in his property box.  (Tr. 96-97) .   He

could have recovered the notice from his property box at any time had he submitted a property

request slip to the appropriate officer.  (Tr. 77, 99).  During the period in question, Fattah had

no serious medical needs and thus was able to respond to the mail.  (Tr. 14:14-16, Tr. 19-20).

On March 23, 2005, correctional officers arrived at Fattah's cell to transport him to his

deposition in another part of the prison.  (Tr. 6).  Fattah refused to respond. (Tr. 7).   He lay on

the ground and refused to respond in any one.  (Tr. 7).  Dr. Young physically examined him at

that time.  (Tr. 18-20).  This examination established that no medical ailment prevented him

from attending his deposition.  Fattah was "playing possum" and was perfectly healthy.  (Tr.

19).

---

[1] Since the hearing, Fattah has submitted numerous documents for consideration in opposition to
the motion.  We will not considered them.  At the hearing we provided Fattah ample opportunity to present
evidence.  We also explicitly stated we would not consider written statements submitted following the
hearing and we closed the record.

On March 30, 2005, correctional officers again arrived at Fattah's cell to transport him to his deposition.  (Tr. 7-8).  He again refused to respond in any way.  (Tr. 8).  The defendants' attorney read him a copy of the Court Order compelling him to sit for a deposition, and Fattah continued to refuse to respond.  (Tr. 8).  Dr. Underwood examined him and found no medical reason why he could not submit to a deposition.  (Tr. 55-56).  Half an hour after the correctional officers arrived, Cindy Watson, an employee of the department of corrections, observed Fattah moving in his cell.  (Tr. 9-10). She saw him raising his bed sheets and making his bed.  (Tr. 9-10).

## II.    Discussion

Rule 37 provides the Court with the authority to dismiss a case for failure to comply with a discovery order.  The following six factors determine whether dismissal is warranted.

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense.

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Not every Poulis factor need be satisfied to warrant dismissal.  C.T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).   Dismissal is a severe penalty and is appropriate only in the most extreme cases.  Id.  However, "[i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses."  National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).  We conclude that the Poulis factors dictate that dismissal is warranted in this case.

Turning to the first factor, it is undisputed that Fattah proceeds *pro se*, and thus is entirely personally responsible.  Regarding the second factor, prejudice "does not mean 'irremediable harm,' [but] the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Ware v. Rodal Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  Fattah's refusal to submit to a deposition severely impedes the defendants' ability to prepare a trial strategy.  His explanations of the incidents in his complaint and his alleged injuries are central to the case, and without a deposition the defendants would be severely disadvantaged.  Furthermore, the costs and time wasted in scheduling unattended depositions is prejudicial for the purposes of the second Poulis factor.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Turning to the third factor, a history of dilatoriness, we find that although Plaintiff has generally not been dilatory regarding discovery in this case, he has intentionally delayed and completely refused to submit to a deposition.  Twice Defendants scheduled depositions, and twice he refused to attend despite our Order granting leave to depose, the Defendants' notice, and our Order compelling him to submit to a deposition.  Thus, we find this factor weighs in favor of dismissal.

We find the fourth factor, whether Fattah acted wilfully and in bad faith, weighs heavily in favor of dismissal.  As he indicated in his February 17, 2005 letter, Fattah was aware that we granted the defendants leave to depose him.  (Doc. 167).  He then twice feigned illness and weakness to intentionally prevent the defendants from taking his deposition and thus adequately preparing their case.  Doctor Young and Doctor Underwood testified that on both occasions,

he was physically able to sit for a deposition.  (Tr. 18-20, 55-56).  Each performed a medical

examination of Fattah and found him in sound health, but simply unwilling to respond.  (Tr. 18-

20, 55-56).  Corroborating their testimony, Cindy Watson testified that following the second

attempt to depose Fattah and his second refusal, she witnessed him moving in his cell, raising

his sheets, and making his bed.  (Tr. 9-10).

Fattah claims that his refusal to respond was unwilling because he did not receive

notice.  We find this claim entirely without merit.  Defendants filed a certificate of service

demonstrating that they served notice by first class mail.  (Doc. 167).  The hearing testimony

established that Fattah's mail was not delivered to his cell because he refused to respond to

mail delivery.  (Tr. 96-97).  It was, however, placed in his property box where he could have

obtained it at any time by submitting a property request receipt to the property officer.  (Tr. 77,

99-100).  Thus, we find that Fattah did receive notice of the deposition, he simply chose not to

take possession of his mail, and he chose not to read his mail, even though he was physically

capable.  Fattah argues that service by mail is insufficient, and notice is not received until the

recipient actually reads the notice.  We find no support for this proposition.

> A deposition notice may be served by mail, and if so, '[s]ervice by mail is
> complete upon mailing.' FED.R.CIV.P. 5(b); see 4A C. WRIGHT & A. MILLER,
> FEDERAL PRACTICE AND PROCEDURE § 1147 (2d ed. 1987). Nonreceipt of a
> mailed notice does not affect the validity of the notice. 4A C. WRIGHT & A.
> MILLER, supra, § 1148.

Lock 26 Constructors v. Massman Contracting Co., 127 F.R.D. 542 (D. Kan. 1989).

We also find that Fattah received notice of our Order compelling him to submit to a

deposition.  We granted the motion to compel on March 24, 2005, and this Order was mailed

by the Court.  Six days passed before the date of the deposition on March 30, 2005, leaving

adequate time for him to receive it.  In addition, on March 30, 2005, defense counsel

personally read him a copy of our Order.  (Tr. 8).  Fattah did not respond, and refused to submit

to a deposition, in direct contradiction the Order read to him.   Therefore, we find that Fattah

received notice of the deposition and our Order compelling him to comply.  We find that he

willfully and in bad faith refused to submit to his depositions and feigned his illness to

intentionally prejudice the defendants.

Turning to the fifth factor, we find that lesser sanctions would be ineffective.

Precluding Fattah from presenting certain evidence would not mitigate the prejudice of

preventing the defendants from deposing him to obtain an outline of their case and prepare a

defense to his accusations.  Furthermore, Fattah's deposition is relevant to the entire case, so

precluding him from presenting evidence relevant to his deposition testimony would have the

same effect as dismissal.  For the same reason, granting summary judgment for the defendants

or forbidding Fattah from pursuing further discovery would have the same effect as dismissal

given the sparse record and the centrality of Fattah's deposition.  Finally, granting attorney's

fees would be ineffective because it would not counterbalance the defendants' need to depose

Fattah to prepare their defense.

Finally, we find the sixth factor, the merit of the claim, is neutral.  Given Fattah's

refusal to submit to a deposition, we find the record too sparse to adequately address the

merits of his claims.  However, the other five factors all weigh in favor of dismissal.

In sum, we find that Fattah wilfully and in bad faith refused to cooperate with the

defendants, ignored Orders of the Court, and failed to comply with the Federal Rules of Civil

Procedure.  He feigned illness and weakness to avoid his deposition.  Such willful disregard for

the discovery process is antithetical to the effective disposition of cases.  Fattah cannot on the

one hand file suit seeking relief from this Court and on the other selectively choose those

aspects of the litigation process in which he will participate.  Therefore, we will grant the

defendants' motion to dismiss.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDEL FATTAH,                                  :        No. 3:03cv1314
       **Plaintiff**                          :
                                              :        (Judge Munley)
       **v.**                                 :
                                              :
JOHN KILLEEN, CLIFFORD PELTER,                 :
PAUL ALLEN, DAVID STOCKHOLM,                   :
DERRICK ZIMMERMAN, MICHAEL                     :
SCOTT, CHARLES CRAIG, JESSE                    :
WITTEL, WILLIAM TORRES, ROBERT                 :
KOLVA, DAVID CROZIER, RICHARD                  :
MALONE, NATHAN GOSS, ROBERT                    :
SANTANGELO, JOSEPH KEEFER,                     :
MICHAEL CLARK, RANDY                           :
MCCAUSLIN, JEFFREY ALBA,                       :
EDWARD SMITH, ALLEN WEBB, TODD                 :
MYERS, MICHAEL HARMON, PAUL                    :
LEGGORE, BERNARD BAKER, ROBERT                 :
RESSLER, LIEUTENANT LADY, and                  :
BLAINE STEIGERWALT,                            :
       **Defendants**                         :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

     **AND NOW**, to wit, this 14th day of September 2005, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 37(d) (Doc. 174) is hereby **GRANTED**. Plaintiff's action is hereby **DISMISSED** with prejudice.  The Clerk of Courts is directed to enter judgment on behalf of Defendants' and close this case in this district.

                                  **BY THE COURT:**

                                  **s/ James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**